UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02353-WYD

LINDA L. YACKEY,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security[1],

    Defendant.

_____

**ORDER**
_____

    THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for Disability Insurance Benefits under the Social Security Act, 42 U.S.C. §§ 401-433.  Plaintiff was born on December 14, 1944, and was 59 years old on the date of the ALJ's decision.  (Tr. at 117).  Plaintiff protectively filed her application in January of 2002.  (Tr. at 100-102).  Plaintiff alleges that she became disabled on January 24, 2004, due to obesity, heart problems, knee impairments, sleep apnea, history of bladder impairment requiring surgery, and depression.  (Tr. at 100).

    After a hearing (Tr. at 51-94), the Administrative Law Judge ("ALJ") determined on December 17, 2003, that Plaintiff was not disabled because the ALJ found that Plaintiff could perform her past relevant work.  (Tr. at 39).  The Appeals Council

---

[1] Michael J. Astrue, Commissioner of Social Security, has been substituted for former Commissioner Jo Anne B. Barnhart pursuant to FED. R. CIV. P. 25(d)(1).

declined review of the ALJ's determination (Tr. at 5-8), making it the Commissioner's final decision for purposes of judicial review.

II.     THE ALJ'S DECISION

The ALJ's decision follows the five-part sequential analysis required by law.  At step one, the ALJ found that "[Plaintiff] has not engaged in substantial gainful activity since February 7, 2002."  (Tr. at 34).  At step two, the ALJ found that Plaintiff had the following severe impairments:  "degenerative joint disease of the knees, a heel spur, hypertensive heart disease, sleep apnea, and obesity."  *Id.*  At step three, the ALJ found that "these impairments are severe within the meaning of the Regulations because they prevent the claimant from performing strenuous activities but they are not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."  *Id.*  The ALJ also found that Plaintiff had a history of bladder infection and depression but determined that these impairments were not severe.  (Tr. at 36).

The ALJ examined the medical evidence and assessed Plaintiff's residual functional capacity ("RFC").  (Tr. at 38).  Plaintiff was found to have the RFC:

> to perform work activites that do not require climbing ladders or scaffold, work around dangerous machinery or unprotected heights, commercial driving, and ambulating over uneven surfaces or stairs.  The claimant can lift and carry 5 pounds frequently and 10 pounds occasionally; sit one hour at a time and 8 hours a day; stand 10 minutes at a time, walk ½ block at a time, and stand/walk 1 hour a day; occasionally stoop but should avoid kneeling, squatting, crouching and crawling; and should be allowed to elevate her legs for 30 minutes at lunch time or during breaks.

(Tr. at 38-9).  The ALJ determined that Plaintiff could perform her past relevant work as a proof-machine operator and cashier doing balancing.  (Tr. at 39).  Consequently, the ALJ found the Plaintiff was not under a disability as defined in the Social Security Act.

On February 10, 2004, Plaintiff requested that the Appeals Counsel review the ALJ decision.  As part of her appeal, Plaintiff submitted to the Appeals Counsel additional evidence.  The Appeals Counsel found no reason to review the ALJ's decision.  (Tr. at 5).

III.     ANALYSIS

In her opening brief, Plaintiff brings three arguments.  First, Plaintiff argues that the ALJ erred in determining that Plaintiff's depression was not a severe impairment.  Second, Plaintiff argues that the Appeals Council erred by not finding that the additional materials submitted by Plaintiff were new evidence.  Third, Plaintiff argues that with the  additional materials, the ALJ's determination of Plaintiff's RFC is no longer supported by substantial evidence.

    A.     Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  "It requires more than a scintilla of evidence but less than a preponderance of the evidence."  *Gossett v. Bowen*, 862 F.2d

802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

### A. Whether the ALJ's Determination that Plaintiff's Depression was not a Severe Impairment was Supported by Substantial Evidence

The ALJ specifically found at step two that Plaintiff's depression imposed "less than a minimal effect on [Plaintiff's] functional ability to perform basic work-related activities and thus, . . . [was] not considered to be 'nonsevere' under the regulations." Tr. at 36. I find that there was not substantial evidence in the record before the ALJ to support the ALJ's determination that Plaintiff's depression, in combination with her other impairments, is nonsevere. Even without the additional evidence submitted by Plaintiff, the ALJ should have developed the record further regarding whether or not Plaintiff's depression was a severe impairment at step two and needed to be considered in subsequent stages of the analysis.

As explained above, at step two a social security claimant must prove she has a medically severe impairment or combination of impairments that significantly limits her ability to do basic work activities." *Fleetwood v. Barnhart*, 2007 WL 18922, *2 (10th Cir. 2007). "Although a severe impairment must significantly limit an individual's physical or mental ability to do basic work activities. . . this is a 'de minimus' showing at step two of the five-step process." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005). "A determination that an individual's impairment is not severe requires a careful evaluation of the medical findings that describe the impairments." SSR 96-3P.

-4-

In the present case, the ALJ's own decision contradicts a determination that Plaintiff's depression was nonsevere. First, the ALJ found Plaintiff to be credible and, therefore, her testimony regarding the symptoms of her depression should be credited. Tr. at 36. The ALJ recognized that Plaintiff testified that "at times she will become melancholy. . . she might not be as patient as in the past. . . her mind goes blank." Tr. at 35.

Further, other evidence in the record also demonstrates that Plaintiff's depression may limit her ability to do basic work activities. On February 12, 2002, Plaintiff visited Dr. Smilkstein "for follow-up on her severe depression and medical problems." Tr. at 273. Dr. Smilkstein noted that Plaintiff "still [felt] extremely fatigue and is tearful." *Id.* Further, Plaintiff had "been asked by her employer to take a leave of absence due to difficulty with carrying out work duties." *Id.* He also noted that Plaintiff "agrees with this and understands that she is not able at this time to carry out her normal work duties." *Id.* One month later, Dr. Smilkstein indicated that while Plaintiff was doing better, "Still not sleeping at night and is tearful at times . . . ." Tr. at 272. And again, in April of 2002, Dr. Smilkstein saw Plaintiff for her depression and indicated "She is still not sleeping at night, although seems to be handling most of the stress related issues related to her marital breakup pretty well. She is back at work, but not very enthusiastic about it." Tr. at 271. On May 9, 2002, Dr. Smilkstein noted that "[t]oday is not particularly a good day."

In his decision, the ALJ focuses on indications in the record that Plaintiff's depression is getting better and her symptoms decrease with medication. In December

-5-

of 2002, Dr. Norman noted that Plaintiff had "situational depression" and that "she is getting a fair bit better." This notation, however, is not consistent with a finding that Plaintiff was no longer having symptoms related to her depression. Tr. at 302. Dr. Norman also noted in June of 2003 that "Plaintiff stopped the Celexa and thinks that she is doing better." Doing better than before, however, is not equivalent to no longer suffering from symptoms of depression. There is not substantial evidence in the record to support the ALJ's determination that Plaintiff's depression was not severe. Accordingly, I find that it was error for the ALJ to conclude, based on the record before him, that Plaintiff's depression was not a severe impairment. This error requires the Commissioner's decision to be reversed and remanded. On remand, the Commissioner needs to develop the record on this issue.

      B.    <u>Whether the Additional Materials Are New, Material, and Related to the Period on or Before the Date of the ALJ Decision</u>

Plaintiff also argues that it was error for the Appeals Council to not consider the additional materials Plaintiff submitted. The additional materials included: (1) a letter from her former employer and (2) records and a residual functional capacity questionnaire from her therapist, Barbara Cohen, M.D., and her treating physician Bradley Kanode, M.D. The Appeals Council considered the letter from the employer (along with Plaintiff's letter and Affidavit), but held that "this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. at 5. As for the medical records, the Appeals Council found that "this new information is about a later time. Therefore, it does not affect the decision about whether you were disabled

beginning on or before December 17, 2003." Tr. at 6. These reports were not included in the record, but Plaintiff alleges that the reports describe cognitive and social limitations which are inconsistent with ALJ's decision.

"Social security regulation 20 C.F.R. § 404.970(b) expressly authorizes a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). "If the evidence relates to the period on or before the date of the decision, the Appeals Council 'shall evaluate the entire record including the new and material evidence submitted . . . [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (quotation omitted). "If the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision." *Id.* "This decision, in turn, is reviewed for substantial evidence, based on 'the record viewed as a whole.'" *Id.* (quotation omitted). "[T]he new evidence becomes part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence. *Id.* at 859. "Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.' *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). "'Whether [evidence] qualifies as new, material and chronologically relevant is a question of law subject to . . . *de novo* review.'" *Id.*

It is undisputed that the reports and opinions of the two physicians are new. Plaintiff argues however, that these reports are also material and related to the period on or before the date of the ALJ decision. The fact that Drs. Cohen and Kanode treated Plaintiff after the ALJ's decision was rendered is not dispositive as to whether or not this evidence was related to the relevant time period. In making the disability analysis, a treating physician may provide a retrospective diagnosis of a claimant's condition. *Potter v. Secretary of Health & Human Servs.*, 905 F.2d 1346, 1348 (10th Cir. 1990). However, as I do not have these two reports before me, I cannot make a determination as to whether or not they should have been considered by the Appeals Council. Accordingly, I find that on remand, the ALJ shall develop the record as to this issue.

IV.   CONCLUSION

Based upon the foregoing, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g).

Dated:  June 8, 2007

                                       BY THE COURT:

                                       s/ Wiley Y. Daniel
                                       Wiley Y. Daniel
                                       U. S. District Judge